IN THE MATTER OF THE APPLICATION FOR LETTERS OF ADMINISTRATION, ETC , OF HENRY NOLTING, ALLEGED TO BE DECEASED.

*Presumption of death — what facts are sufficient to justisfy the issuing of letters of administration upon the estate of an absentee.*

Upon an appeal by the public administrator of Kings county, from a decree of the surrogate denying an application made by him in September, 1886, for the issue of letters of administration upon the estate of one Henry Nolting, deceased, it appeared that Nolting was an educated man and had resided in Brooklyn for five or six years; that he was industrious and sober until he lost his wife, when he became dissipated, and finally underwent an attack of *delirium tremens* the night before he went away; that while suffering greatly from the effects of his debauch and of that attack, he left his home on July 30, 1876, expressing his intention to commit suicide, went towards the dock at the foot of Second street, in Brooklyn, and that since that time he has not been seen or heard from by any of his friends, all trace of him being lost: that a sister in Germany who had, prior to the time of his disappearance, received letters from him with regularity, had received none since that time.

*Held,* that, from his silent absence during ten years, the law would raise a presumption of his death, which, coupled with the facts and circumstances produced to the surrogate, was sufficient to justify the issuing of the letters of administration, and that the surrogate erred in refusing so to do.

APPEAL from a decree of the surrogate of Kings county, denying an application for the issue of letters of administration upon the estate of one Henry Nolting.

*Theodore J. Geisler*, for the German general consul, representing next of kin, appellant.

*Charles H. Otis*, for the public administrator.

DYKMAN, J. :

In September, 1886, the public administrator of Kings county presented a petition to the surrogate of that county, in which he

stated facts sufficient to justify its presentation and prayed for the issuance of letters of administration to him upon the estate of Henry Nolting.

In the view of the surrogate the evidence presented to him was insufficient to prove the death of Nolting, and he refused the letters upon that ground although no objection was made. An appeal was brought from that determination of the surrogate and we think the proof was sufficient to justify the surrogate in granting the prayer of the petitioner. It was made to appear by the affidavits and proofs before the surrogate that Nolting was an educated man, residing in Brooklyn for five or six years; that he was an industrious and sober man until he lost his wife, when he became dissipated, and finally underwent an attack of *delirium tremens* the night before he went away, and that while suffering greatly from the effects of his debauch and of that attack, he left his home on the 30th day of July, 1876, expressing his intention to commit suicide, went towards the dock at the foot of Second street in Brooklyn, and has never been seen or heard from since by any of his friends and all trace of him has been lost since that time. He left a bank book in a savings bank showing a deposit of $150 with John Schwartz. Down to the time of his disappearance his sister in Germany received letters from him with regularity, and since that time she has heard from him never more. So it is shown that the man left his home under the depression which follows *delirium tremens* with a declaration of his intention to commit suicide because he was weary of life, and the lapse of ten years has disclosed no trace of his existence. From his silent absence during ten years the law would raise a presumption of his death for some purposes and that natural inference, coupled with the evidential facts and circumstances produced to the surrogate justify the issuance of the letters of administration in accordance with the prayer of the petition.

The decree of the surrogate should be reversed, and the case remitted to him with direction to issue the letters.

BARNARD, P. J., and PRATT, J., concurred.

Order of surrogate refusing administration reversed, and proceedings remitted to surrogate, with directions to issue letters.